IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

JAMES EDWARD COOK,

        Plaintiff,

v.                                 Civil Action No. 5:22-CV-234
                                             Judge Bailey

B. KELLY LANHAM, and
AARON LINN,

        Defendants.

## REPORT AND RECOMMENDATION

### I. Background

On September 26, 2022, the plaintiff, an inmate incarcerated at Tygart Valley Regional Jail in Belington, West Virginia, filed a *pro se* Complaint against the above-named defendants pursuant to 42 U.S.C. § 1983. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### II. The Complaint

Plaintiff's Complaint contains a single claim: that he is being unlawfully detained for parole violations. Although plaintiff provides few details, he alleges that he was never notified of "special instructions" related to his release and that the form confirming those instructions is missing his signature. He alleges that he is wrongfully incarcerated and suffering mental anguish and asks this Court to reverse those errors and to be compensated financially.

### III. Standard of Review

Because the plaintiff is a prisoner seeking redress from a governmental entity or employee, the Court must review the complaint to determine whether it is frivolous or malicious. Pursuant to 28 U.S.C. § 1915A(b), a court is required to perform a judicial review of certain suits brought by prisoners and must dismiss a case at any time if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous if it is without arguable merit either in law or in fact. **Neitzke v. Williams**, 490 U.S. 319, 325 (1989). However, the court must read *pro se* allegations in a liberal fashion. **Haines v. Kerner**, 404 U.S. 519, 520 (1972). A complaint which fails to state a claim under Fed.R.Civ.P. 12(b)(6) is not automatically frivolous. *See* **Neitzke** at 328. Frivolity dismissals should only be ordered when the legal theories are "indisputably meritless,"[1] or when the claims rely on factual allegations which are "clearly baseless." **Denton v. Hernandez**, 504 U.S. 25, 32 (1992). This includes claims in which the plaintiff has little or no chance of success. *See* **Estelle v. Gamble**, 429 U.S. 97, 106 (1976).

### IV. Discussion

Based on a preliminary review of the Complaint, the undersigned finds that the Complaint fails to state a claim and is frivolous. Construing the Complaint broadly, plaintiff seeks monetary damages and injunctive relief for the allegedly improper revocation of his parole. In **Heck v. Humphrey**, 512 U.S. 477 (1994), the Supreme Court held:

---

[1] ***Id.*** at 327.

> In order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983.

*Id*. (citing **Preiser v. Rodriguez**, 411 U.S. 475, 494 (1973)).  Summarizing that line of cases, the Supreme Court later clarified:

> a state prisoner's § 1983 action is barred (absent prior invalidation)—no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)—*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration.

**Wilkinson v. Dotson**, 544 U.S. 74, 81–82 (2005).

Courts have regularly held that **Heck** applies to parole and probation revocation proceedings.  See **Thigpen v. McDonnell**, 273 Fed.Appx. 271 (4th Cir. 2008) (unpublished) (§ 1983 claim that state officials conspired to subject plaintiff to double jeopardy by revoking his probation barred by **Heck**); **Via v. Fahey**, No. CIV.A. 3:07-CV-778, 2009 WL 223113, at *2 (E.D. Va. Jan. 29, 2009) ("The basic premise behind Plaintiff's claim, that he is entitled to monetary damages and injunctive relief stemming from the improper revocation of his parole and his current incarceration, is legally frivolous under **Heck**"); **Smith v. Hickman**, No. 622-CV-02256-HMH-KFM, 2022 WL 14763225, at *2 (D.S.C. Sept. 27, 2022), *report and recommendation adopted*, No. CV 6:22-2256-HMH-KFM, 2022 WL 14763209 (D.S.C. Oct. 25, 2022) (collecting cases).

Here, plaintiff's entire claim is premised on the invalidity of his confinement, and there is no conceivable way plaintiff could prevail on his claim without necessarily implying

3

the invalidity of his confinement. Plaintiff has not alleged that his parole revocation has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254" and his claim is therefore barred.

## V. Recommendation

For the foregoing reasons, the undersigned recommends that the plaintiff's case be **DISMISSED WITH PREJUDICE** for failure to state a claim and as frivolous. Finally, the Court notes that plaintiff has filed two *pro se* letters, which the undersigned construes as a Motion Requesting Lie Detector Test [**Doc. 21**] and Motion for Issuance of Subpoenas [**Doc. 22**]. In light of the above, the undersigned recommends that the Motions be **DENIED AS MOOT**.

The plaintiff shall have fourteen days from the date of entry of this Report and Recommendation within which to file with the Clerk of this Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); ***Thomas v. Arn***, 474 U.S. 140 (1985); ***Wright v. Collins***, 766 F.2d 841 (4th Cir. 1985); ***United***

*States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the *pro se* plaintiff by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**:  November 4, 2022.

/s/ *James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE